UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2021

JAMES ANTHONY CARTER, JR.,

                Plaintiff,

-against-

A. AKINYOMBO, Deputy Superintendent of Health Services; K. NGBODI, Nurse Practitioner; M. BABY, Nurse Practitioner (also known as "Thomas"); JOHN DOE; JOHN DOE; JOHN DOE,

                Defendants.

21-CV-0872 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. By order dated February 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Service on Named Defendants**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants A. Akinyombo, K. Ngbodi, and M. Baby (also known as Thomas), through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

**B.      Service on John or Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify the DOCCS officials with the Central Office Review Committee who were asked to approve Plaintiff's medical treatment for his degenerative osteoarthritis. It is therefore ordered that the New York State Attorney General, who is the

attorney for and agent of the DOCCS, must ascertain the identity of each John or Jane Doe DOCCS official whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days after receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

C.      **Application to Request Pro Bono Counsel**

Plaintiff submitted an application for the Court to request pro bono counsel. (ECF No. 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to: (1) complete the USM-285

forms with the addresses for Defendants A. Akinyombo, K. Ngbodi, and M. Baby (also known as Thomas) and deliver to the U.S. Marshals Service all documents necessary to effect service; and (2) mail a copy of this order and the complaint to New York State Attorney General at: 28 Liberty Street, New York, NY 10005. An amended prisoner civil rights complaint form is attached to this order.

The Court denies Plaintiff's motion for pro bono counsel, without prejudice to renewal of the motion.

SO ORDERED.

Dated:   March 1, 2021
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. A. Akinyombo
   Deputy Superintendent of Health Services
   Fishkill Correctional Facility
   271 Matteawan Rd.
   P.O. Box 1245
   Beacon, NY 12508

2. K. Ngbodi, Nurse Practitioner
   Fishkill Correctional Facility
   271 Matteawan Rd.
   P.O. Box 1245
   Beacon, NY 12508

3. M. Baby (also known as Thomas), Nurse Practitioner
   Fishkill Correctional Facility
   271 Matteawan Rd.
   P.O. Box 1245
   Beacon, NY 12508