```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

┌─────────────────────────────────────────┐
│ USDC SDNY                               │
│ DOCUMENT                                │
│ ELECTRONICALLY FILED                    │
│ DOC #: _____                  │
│ DATE FILED: __8/30/2022__               │
└─────────────────────────────────────────┘

JAMES ANTHONY CARTER, JR.,

                Plaintiff,

-against-

MICHELLE CENTANNI; A. AKINYOMBO; K. NGBODI; and M. BABY,

                Defendants.

7:21-CV-872 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, formerly incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. By order dated February 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

Plaintiff filed a Third Amended Complaint on August 12, 2022. (ECF No. 39.) Plaintiff asserts claims against Defendants Michelle Centanni, A. Akinyombo, K. Ngbodi, and M. Baby. (*See id.*) Defendant Michelle Centanni has not yet been served in this matter. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Michelle Centanni through the U.S.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Defendant Michelle Centanni is to be served within 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

## CONCLUSION

"The Clerk of Court is directed to mail a copy of this order to *pro se* Plaintiff to his address listed on ECF. The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant Michelle Centanni and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   August 30, 2022
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Michelle Centanni, RN
   Fishkill Correctional Facility
   271 Matteawan Rd.
   P.O. Box 1245
   Beacon, NY 12508